IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

vs.                                             Civil No. 6:11-CR-60028

LOYTON SCOTT FRANCIS                                                                         DEFENDANT

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant Loyton Scott Francis's Motion to Suppress Evidence and Statements.  ECF No. 14.[1]  This Motion was filed on March 15, 2012, and the Government responded on March 23, 2012.  *Id.*  This Court held a hearing on this Motion on March 26, 2012 in Hot Springs, Arkansas.  All Parties appeared at this hearing, and Defendant was represented by counsel.  At this hearing, Special Agent ("SA") Doug Estes and Sgt. Hoyt Harness testified on the Government's behalf, and Defendant testified on his own behalf.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this Motion to this Court for the purpose of making a report and recommendation.  The Court, having reviewed all the relevant briefing and testimony at the hearing, recommends this Motion be **DENIED** in its entirety.

**1.     Background[2]**

At approximately 1:00 pm on August 18, 2010, SA Estes and Sgt. Harness with the Arkansas

---

[1] The docket entries are referenced by "ECF No. ____."

[2] The "Background" is taken from the Parties' briefing as well as the information provided at the hearing in this matter.

1

State Police stopped at Defendant's residence and knocked on his door.  Defendant invited the officers into his residence.  After they entered the residence, the officers notified Defendant that they were there to investigate his alleged possession of child pornography.  It is undisputed the officers then engaged in "small talk" with Defendant for approximately fifteen minutes.

The officers and Defendant dispute what occurred next.  Defendant claims the officers then approached his computer.  Defendant claims after they approached his computer, Sgt. Harness touched the mouse to his computer.  At that point, Defendant claims he told him to "stop."  After directing him to "stop," Defendant claims SA Estes then stated "okay, well we're going to have to search it anyway now" and continued the search.  After the search was completed, Defendant claims he was then given the "consent to search" form to sign.[3]

In contrast, the officers claim that after fifteen minutes had expired, they continued to engage in "small talk" with Defendant until approximately 1:25 pm when another officer arrived with a "rights form" and a "consent to search" form.[4]  The rights form contained the standard *Miranda* warnings and was executed first.  The consent form was filled out indicating the Defendant's computer (an "Accer") was the subject of the search.  The officers claim they read this form to Defendant, and Defendant freely signed this form.  This form states the following: "I understand that I have the right to revoke or limit the consent to search at anytime during to [the] search."  The officers claim that *after* Defendant signed this "consent to search" form, they conducted the search of his computer.  The officers also claim that at no point during the search did Defendant direct them to "stop" their search.

---

[3] Defendant does not dispute that he signed this form.

[4] These forms were both introduced at the suppression hearing in this matter.  Defendant admitted he signed both forms but contradicted the officers regarding the timing of the execution of the forms.

**2.      Applicable Law**

As a general rule, the burden of proof is on the defendant who seeks to suppress the evidence obtained from the execution of a search warrant. *Carter v. United States,* 729 F.2d 935, 940 (8th Cir. 1984). This case involved a warrantless search, and as for such searches, the government has the burden of proof to justify the warrantless search. *See United States v. Twiss,* 127 F.3d 771, 775 (8th Cir. 1997). As the Eighth Circuit has held, "As a general rule, the burden of proof is on the defendant who seeks to suppress evidence . . . but on the government to justify a warrantless search." *Carter v. United States,* 729 F.2d 935, 940 (8th Cir. 1984) (internal citation omitted).

**3.      Discussion**

At issue in this case is whether Defendant consented to the search in question and whether he revoked that consent at any point during the search. A warrantless search is "valid if conducted pursuant to the knowing and voluntary consent of the person subject to the search." *United States v. Cedano-Medina,* 366 F.3d 682, 684 (8th Cir. 2004) (citation omitted). The Government "has the burden of proving by a preponderance of the evidence that a subject's alleged consent to a search was legally sufficient to warrant admitting the fruits of the search into evidence." *Id.*

In the present action, this Court finds the Government has met its burden of demonstrating Defendant knowingly and voluntarily consented to the search in question and did not revoke that consent during the course of the search. First, all the facts indicate Defendant knowingly consented to the search in question. Defendant was not under the influence of drugs or alcohol on that day. Defendant is high school educated. Defendant does not claim he suffers from any mental deficiencies. Defendant was also able to maintain employment and was gainfully employed as a corrections officer at the Arkansas Department of Community Corrections Facility in Malvern,

3

Arkansas at the time of the search. SA Estes and Sgt. Harness testified they read the consent form out loud to Defendant before he signed it, and Defendant read the form before he signed it. Based upon this evidence, this Court finds Defendant was competent and was able to read and understand the "consent to search" form such that the consent was knowing.

Second, all the facts indicate the consent was voluntary. Defendant does not claim the officers forced him to sign this "consent to search" form. Further, although SA Estes carried a firearm and a badge into Defendant's apartment, SA Estes and Sgt. Harness were in not uniform, and there is no indication SA Estes used that badge or uniform to threaten Defendant. Defendant was also a corrections officer. In this capacity, he was in charge of seventy to eighty inmates at a time, and there is certainly no indication Defendant was the type of person who could be easily manipulated into signing a "consent to search" form against his will. Based upon this evidence, this Court finds Defendant was not coerced into signing this form, and this form was signed voluntarily.

Finally, Defendant claims he directed Sgt. Harness to "stop" when Sgt. Harness went to search his computer. SA Estes and Sgt. Harness stated Plaintiff never directed them to "stop." Despite Defendant's claim, he admittedly signed the "consent to search" form. Presumably, had Defendant revoked his consent, he would have not signed this form. This is especially true since Defendant is an educated individual familiar with law enforcement. Indeed, even though Defendant and the officers dispute *when* the form was signed, if Defendant had not consented to the search or if he at some point had revoked the consent to search, this timing is not significant. Had he not consented to this search, he certainly would not have signed this form either *before* the search began or *after* the search had been completed. Accordingly, this Court finds Defendant's testimony is not credible.

**4.       Conclusion**

In accordance with the foregoing, this Court recommends Defendant's Motion to Suppress Evidence and Statements (ECF No. 14) be **DENIED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 29th day of March, 2012.

> s/  Barry A. Bryant
> HON. BARRY A. BRYANT
> U. S. MAGISTRATE JUDGE