# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | RESPONDENT |
| v. | Criminal No. 6:11-cr-60028<br>Civil No. 6:17-cv-6051 | |
| LOYTON SCOTT FRANCIS | | MOVANT |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant is Loyton Scott Francis ("Francis") who is proceeding *pro se*. On June 16, 2017, Francis filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 61. After being directed by the Court to respond, the Government filed a response to this Motion. ECF No. 65. This matter is ripe for decision.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the Response, and based upon that review, recommends this Motion be DENIED.

**1.** **Procedural Background**:[1]

Francis was named in a one count indictment with possession of child pornography in violation of Title 18 U.S.C. §2252A(a)(5)(B)&(b)(2). On September 28, 2011, Francis appeared with counsel and entered a plea of not guilty. ECF No. 4.

On March 29, 2013, Francis pled guilty to possession of child pornography. ECF No. 32. The plea of guilty was pursuant to a written Plea Agreement entered into between the parties. ECF No. 33. In exchange for the Government's concessions in the Plea Agreement, Francis waived any right to appeal or to collaterally attack his conviction and sentence. *Id.* United States District Judge Robert T. Dawson accepted his plea of guilty and directed the United States Probation Office to

---

[1] The procedural background is taken from the Motion and Response as well as the Court's docket in this matter.

prepare a Pre-Sentence Report (PSR) pursuant to the United States Sentencing Guidelines (USSG). ECF No. 32.

On June 4, 2013, the United States Probation Office filed Francis' PSR. ECF No. 38. The PSR assessed a base offense level of 18. ECF No. 38, Pg. 5. The PSR also recommended numerous enhancements totaling 15 points making an adjusted offense level of 33. *Id.* Francis had a criminal history category of I. ECF No. 38, Pg. 9. Francis' resulting advisory guideline range was 135 months to 168 months, however, the statutory maximum term of imprisonment was 10 years pursuant to 18 U.S.C. § 2252A(b)(2). ECF No. 38, Pg. 9.

On June 21, 2013, Francis appeared for sentencing. ECF No. 42. The Court sentenced Francis to 120 months imprisonment and lifetime of supervised release. *Id.* On July 8, 2013, Francis filed a notice of appeal. ECF No. 45. On January 17, 2014, the Eighth Circuit affirmed the judgment. *United States v. Francis*, No. 13-2499 (8th Cir. Jan 17, 2014). Francis did not petition the Supreme Court for certiorari review. Therefore, the judgment became final on April 18, 2014, the date the time for seeking such review expired.

On June 16, 2017, Francis filed this § 2255 motion and argued he is eligible for a sentence reduction based on the U.S. Sentencing Guidelines Amendment 801. ECF No. 61. On August 14, 2017, the Government responded to this Motion. ECF No. 65. In this response, the Government claims Francis' Motion is time-barred. *Id.* In the alternative, the Government claims that even if Francis' Motion is not time-barred, he has failed to meet the requirements for relief under § 2255. *Id.* This Motion is now ripe for consideration.

**2.     Applicable Law:**

A § 2255 motion is fundamentally different from a direct appeal. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**3.     Discussion**:

In the substantive portion of his Motion, Francis claims he is eligible for a sentence reduction based on the U.S. Sentencing Guidelines Amendment 801. Upon review, I find this Motion is time-barred. Further, even if timely filed, his claim fails.

**a. Statute of Limitations:** The Government argues Francis' Motion was not timely filed. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law. As amended by the AEDPA, 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> (f) A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under § 2255(f)(1), a judgment may become final at different times, depending upon when a defendant's options for further direct review are foreclosed. *See United States v. Gamble*, 308 F.3d 536, 537 (5th Cir.2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir.2000). When the Defendant takes no direct appeal, the judgment becomes final when the availability of appeal or a petition for certiorari expires. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987). In a criminal case, the defendant has fourteen (14) days to file a notice of appeal. *See* FED. R .APP. PROC. 4(b)(1)(A). If a defendant appeals his conviction and sentence to the Court of Appeals, then whether or not a petition for a writ of *certiorari* seeking review by the United States Supreme Court is filed, determines the date the judgment becomes final. If a defendant does not file petition for a writ of *certiorari* the one-year statute of limitations begins to run once the time for seeking review by the United States Supreme Court expires. *See Clay v. United States*, 537 U.S. 522, 532 (2003).

As discussed above, on January 17, 2014, the Eighth Circuit affirmed the judgment in this matter. Francis did not petition the Supreme Court for certiorari review, therefore the judgment was final on April 18, 2014. Francis had until April 17, 2015 to file a 18 U.S.C. § 2255 motion within one year of final judgment. *See* 28 U.S.C. § 2255(f)(1). Francis filed the instant Motion on June 16, 2017. His Motion is untimely and should be denied and dismissed, unless some exception applies.

**b. Statutory Tolling is Not Applicable**: The one year period within which to file a § 2255 motion may, in an appropriate case, begin on the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(2-4). Francis does not allege any statutory ground for tolling the statute of limitation. The provisions of § 2255(f)(2-4) do not aapply to this case to extend the one year limitations period beyond the date when the judgment of conviction became final. Unless equitable tolling applies, the motion was not timely filed and should be dismissed.

**c. Equitable Tolling is Not Applicable**: The Eighth Circuit has held the doctrine of equitable tolling is available to a § 2255 motion, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). The use of equitable procedures should be infrequent, *see Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), and will not be applied if the habeas movant has not diligently pursued his rights, *see Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007). "Equitable tolling is an exceedingly narrow window of relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Francis has not alleged that any extenuating circumstances beyond his control prevented a timely filing, nor has he raised the issue of equitable tolling. He does not claim some Government action made it impossible or difficult for him to uncover the facts that he now asserts in support of his claims. He does not allege the Government somehow lulled him into inaction. He does not refer to any extraordinary circumstances, attributable to the Government or to any other external cause, that prevented him, in the exercise of reasonable diligence, from discovering the facts upon which his claims are based soon enough to enable him to bring a timely habeas petition. In sum, Francis

has failed to allege and establish any factual basis whatsoever to fit within the "exceedingly narrow window of relief" that equitable tolling provides, and his § 2255 motion should be dismissed.

**d. Guideline Interpretation**: Courts have "consistently held 'that ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim.'" *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011)(*quoting Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995). The proper way for Francis to move for resentencing based on an amended guideline was 18 U.S.C. § 3582(c), and not 18 U.S.C. § 2255. This § 2255 motion does not provide Francis relief for a misapplication of guidelines claim.

**e. Sentence Reduction under 18 U.S.C. § 3582(c)(2):** Even assuming Francis had made a proper motion for sentence reduction under 18 U.S.C. § 3582(c)(2), his argument would still fail.

Francis argues for re-sentencing based on an alleged misapplication of U.S.S.G. § 2G2.1. Francis argues he was given a 5 level enhancement pursuant to § 2G2.1. However, in this matter, Francis was sentenced under § 2G2.2. (ECF No. 38, Pg. 5). Because § 2G2.1 was not the guideline used, Francis' sentence cannot be subsequently lowered based on an amendment to § 2G2.1. Therefore, Francis does not have a claim for re-sentencing under § 2G2.1.

**4.** **Evidentiary Hearing**:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter. Francis is clearly not entitled to the relief he seeks.[3] Further, I find Francis has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

---

[3]"A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*

**5.    Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 61) be **DENIED** and dismissed with prejudice. I also recommend any request of a certificate of appealability be **DENIED**.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **14th day of September 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE